# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **GLORIA VALDEZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **METHODIST HOSPITALS OF** | § | **CASE NO.: _____** |
| **DALLAS D/B/A METHODIST** | § | |
| **HEALTH SYSTEM,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## INDEX OF MATTERS BEING FILED

| Exhibit No. | Document | Date Filed in State Court Action |
|---|---|---|
| Exhibit A | Index of Matters Being Filed | N/A |
| Exhibit B | Civil Cover Sheet | N/A |
| Exhibit C | Supplemental Civil Cover Sheet | N/A |
| Exhibit D | State Court Docket | N/A |
| Exhibit E | Plaintiff's Original Petition | September 15, 2023 |
| Exhibit F | Issuance of Citation | September 19, 2023 |
| Exhibit G | Return of Service | September 22, 2023 |
| Exhibit H | Notice of Dismissal Hearing | September 26, 2023 |
| Exhibit I | Defendant's Original Answer | October 13, 2023 |
| Exhibit J | Corporate Disclosure/Certificate of Interested Persons | N/A |

# Exhibit B

JS 44  (Rev. 04/21) (TXND 4/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| | |
| **(b)**  County of Residence of First Listed Plaintiff _____<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant _____<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| **(c)**  Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
       Plaintiff

☐ 2  U.S. Government
       Defendant

☐ 3  Federal Question
       *(U.S. Government Not a Party)*

☐ 4  Diversity
       *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>    & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>    Student Loans<br>    (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>    of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>    Liability<br>☐ 320 Assault, Libel &<br>    Slander<br>☐ 330 Federal Employers'<br>    Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>    Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>    Product Liability<br>☐ 360 Other Personal<br>    Injury<br>☐ 362 Personal Injury -<br>    Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury  -<br>    Product Liability<br>☐ 367 Health Care/<br>    Pharmaceutical<br>    Personal Injury<br>    Product Liability<br>☐ 368 Asbestos Personal<br>    Injury Product<br>    Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>    Property Damage<br>☐ 385 Property Damage<br>    Product Liability | ☐ 625 Drug Related Seizure<br>    of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>    28 USC 157<br>**INTELLECTUAL<br>PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br>    New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets<br>    Act of 2016 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>    3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>    Corrupt Organizations<br>☐ 480 Consumer Credit<br>    (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer<br>    Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>    Exchange |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>    Accommodations<br>☐ 445 Amer. w/Disabilities -<br>    Employment<br>☐ 446 Amer. w/Disabilities -<br>    Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>    Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>    Conditions of<br>    Confinement | **LABOR**<br>☐ 710 Fair Labor Standards<br>    Act<br>☐ 720 Labor/Management<br>    Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>    Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>    Income Security Act<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>    Actions | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>    or Defendant)<br>☐ 871 IRS—Third Party<br>    26 USC 7609 | ☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>    Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>    Act/Review or Appeal of<br>    Agency Decision<br>☐ 950 Constitutionality of<br>    State Statutes |

## V.  ORIGIN *(Place an "X" in One Box Only)*

☐ 1  Original
       Proceeding

☐ 2  Removed from
       State Court

☐ 3  Remanded from
       Appellate Court

☐ 4  Reinstated or
       Reopened

☐ 5  Transferred from
       Another District
       *(specify)*

☐ 6  Multidistrict
       Litigation -
       Transfer

☐ 8  Multidistrict
       Litigation -
       Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____

Brief description of cause:
_____

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
   UNDER RULE 23, F.R.Cv.P.

**DEMAND $** _____

CHECK YES only if demanded in complaint:

**JURY DEMAND:**   ☐ Yes  ☐ No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE _____         SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

**INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44**

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a)   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   (b)   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   (c)   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V.   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI.   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII.   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If a related case exists, whether pending or closed, insert the docket numbers and the corresponding judge names for such cases. A case is related to this filing if the case: 1) involves some or all of the same parties and is based on the same or similar claim; 2) involves the same property, transaction, or event; 3) involves substantially similar issues of law and fact; and/or 4) involves the same estate in a bankruptcy appeal.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## ATTACHMENT TO CIVIL COVER SHEET

**1.**     **<u>Attorneys for Plaintiff Gloria Valdez:</u>**

MATTHEW R. SCOTT
Texas Bar No. 00794613
matt@sgtlawgroup.com
JAMIE J. GILMORE
Texas Bar No. 24045262
jamie@sgtlawgroup.com
BRITTNEY L. THOMPSON
Texas Bar No. 24104618
brittney@sgtlawgroup.com
SCOTT GILMORE THOMPSON PLLC
Founders Square
900 Jackson Street, Suite 550
Dallas, Texas 75202
214-965-9675 / 214-965-9680 (Facsimile)

**2.**     **<u>Attorneys for Defendant Methodist Hospitals of Dallas d/b/a Methodist Health System:</u>**

Paul G. Nason
State Bar No. 00797926
pnason@lockelord.com
Robin G. Shaughnessy
State Bar No. 24012713
rshaughnessy@lockelord.com
Aaron S. Nava
State Bar No. 24134375
aaron.nava@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue Suite 2800
Dallas, Texas 75201
Tel: (214) 740-8000
Fax: (214) 740-8800

# Exhibit C

## Supplemental Civil Cover Sheet for Cases Removed
## From State Court

**This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerk's Office. Additional sheets may be used as necessary.**

1. **State Court Information:**

   Please identify the court from which the case is being removed and specify the number assigned to the case in that court.

   | Court | Case Number |
   |---|---|
   |  |  |

2. **Style of the Case:**

   Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code).

   | Party and Party Type | Attorney(s) |
   |---|---|
   |  |  |
   |  |  |
   |  |  |
   |  |  |
   |  |  |

3. **Jury Demand:**

   Was a Jury Demand made in State Court?          Yes                    No

   If "*Yes,*" by which party and on what date?

   _____          _____
   Party                                                                                    Date

4. **Answer:**

   Was an Answer made in State Court?        Yes                    No

        If "*Yes*," by which party and on what date?


   _____        _____
   Party                                                          Date


5. **Unserved Parties:**

   The following parties have not been served at the time this case was removed:

   | Party | Reason(s) for No Service |
   |---|---|
   |  |  |
   |  |  |
   |  |  |
   |  |  |
   |  |  |


6. **Nonsuited, Dismissed or Terminated Parties:**

   Please indicate any changes from the style on the State Court papers and the reason for that change:

   | Party | Reason |
   |---|---|
   |  |  |


7. **Claims of the Parties:**

   The filing party submits the following summary of the remaining claims of each party in this litigation:

   | Party | Claim(s) |
   |---|---|
   |  |  |

## ATTACHMENT TO SUPPLEMENTAL CIVIL COVER SHEET

1.      __Attorneys for Plaintiff Gloria Valdez:__

MATTHEW R. SCOTT
Texas Bar No. 00794613
matt@sgtlawgroup.com
JAMIE J. GILMORE
Texas Bar No. 24045262
jamie@sgtlawgroup.com
BRITTNEY L. THOMPSON
Texas Bar No. 24104618
brittney@sgtlawgroup.com
SCOTT GILMORE THOMPSON PLLC
Founders Square
900 Jackson Street, Suite 550
Dallas, Texas 75202
214-965-9675 / 214-965-9680 (Facsimile)

2.      __Attorneys for Defendant Methodist Hospitals of Dallas d/b/a Methodist Health
        System:__

Paul G. Nason
State Bar No. 00797926
pnason@lockelord.com
Robin G. Shaughnessy
State Bar No. 24012713
rshaughnessy@lockelord.com
Aaron S. Nava
State Bar No. 24134375
aaron.nava@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue Suite 2800
Dallas, Texas 75201
Tel: (214) 740-8000
Fax: (214) 740-8800

# Exhibit D

## Case Information

CC-23-06114-E | GLORIA VALDEZ vs.METHODIST HOSPITALS OF DALLAS D/B/A METHODIST HEALTH SYSTEM

| Case Number | Court | Judicial Officer |
| --- | --- | --- |
| CC-23-06114-E | County Court at Law No. 5 | TAYLOR, NICOLE |
| File Date | Case Type | Case Status |
| 09/15/2023 | DAMAGES (NON COLLISION) | OPEN |

## Party

PLAINTIFF
VALDEZ, GLORIA

Active Attorneys ▾
Lead Attorney
THOMPSON, BRITTNEY LYNNE
Retained

DEFENDANT
METHODIST HOSPITALS OF DALLAS D/B/A METHODIST HEALTH
SYSTEM

## Events and Hearings

09/15/2023 NEW CASE FILED (OCA)

09/15/2023 ORIGINAL PETITION ▼

PLAINTIFF S ORIGINAL PETITION

Comment
PLAINTIFF S ORIGINAL PETITION

09/15/2023 ISSUE CITATION ▼

ISSUE CITATION

Comment
E-SERVE ENV# 79685094

09/19/2023 CITATION (SERVICE) ▼

Served
09/20/202310:06 AM

Anticipated Server
ATTORNEY

Anticipated Method
Actual Server
ATTORNEY

Returned
09/22/2023 8:03 AM

09/22/2023 RETURN OF SERVICE ▼

RETURN OF SERVICE -METHODIST HOSPITALS OF DALLAS DBA METHODIST HEALTH SYSTEM

Comment
METHODIST HOSPITALS OF DALLAS DBA METHODIST HEALTH SYSTEM

10/13/2023 ORIGINAL ANSWER - GENERAL DENIAL ▼

ORIGINAL ANSWER

12/18/2023 DISMISSAL HEARING ▼

1 CCL#5 Y LETTER

Judicial Officer
TAYLOR, NICOLE

Hearing Time
9:30 AM

## Financial

VALDEZ, GLORIA

|  | Total Financial Assessment | | | $358.00 |
| Total Payments and Credits | | | | $358.00 |

| 9/15/2023 | Transaction Assessment | | | $358.00 |
|-----------|------------------------|--|--|----------|
| 9/15/2023 | CREDIT CARD - TEXFILE (CC) | Receipt # CV-2023-09576 | VALDEZ, GLORIA | ($221.00) |
| 9/15/2023 | STATE CREDIT | | | ($137.00) |

## Documents

PLAINTIFF S ORIGINAL PETITION

ISSUE CITATION

RETURN OF SERVICE -METHODIST HOSPITALS OF DALLAS DBA METHODIST HEALTH SYSTEM

1 CCL#5 Y LETTER

ORIGINAL ANSWER

# Exhibit E

FILED
9/15/2023 10:38 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

Case 3:23-cv-02327-B    Document 2    Filed 10/20/23    Page 16 of 47    PageID 67

CAUSE NO. CC-23-06114-E



| GLORIA VALDEZ, | § | IN THE COUNTY COURT |
|---|---|---|
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | AT LAW NO. _____ |
| | § | |
| **METHODIST HOSPITALS OF DALLAS** | § | |
| **D/B/A METHODIST HEALTH SYSTEM** | § | |
| **Defendant.** | § | **DALLAS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

### I.

### INTRODUCTION

Gloria Valdez ("Plaintiff") files this Original Petition against Methodist Hospitals of Dallas d/b/a Methodist Health System ("Defendant").

### II.

### DISCOVERY CONTROL PLAN

1.     Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.3.

### III.

### PARTIES

2.     Plaintiff is an individual and a citizen of Dallas County, Texas.

3.     Defendant is a corporation organized under the laws of the state of Texas with its principal place of business located at 1441 N. Beckley Avenue, Dallas, Texas 75203. Defendant may be served with process, including citation and a copy of this lawsuit, by serving Defendant's registered agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201 **or** wherever Defendant may be found.

## IV.

## JURISDICTION

4.    The Court has jurisdiction over this action because the amount in controversy, exclusive of interest and costs, is within the jurisdictional limits of the Court.

5.    Defendant employs the requisite number of employees for coverage under the relevant state laws and statutes upon which Plaintiff's claims are based.

6.    As required by Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief over $1,000,000.00.

## V.

## VENUE

7.    Venue is proper in Dallas County because (a) Defendant's principal place of business is in Dallas County,[1] and (b) all or a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Dallas County.[2]

## VI.

## BACKGROUND FACTS

8.    Plaintiff worked for Defendant from September 2018 until she was wrongfully terminated on October 12, 2022.

9.    During her tenure working for Defendant, Plaintiff worked with two different clinics.

10.    Plaintiff worked in The Liver Institute from 2018 through June 2021 and did not receive any disciplinary actions or have any issues with her direct report.

11.    From June 2021 through 2022, Plaintiff worked in Clinical Research.

---

[1] TEX. CIV. PRAC. & REM. CODE § 15.002(a)(2).
[2] TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1).

12.     In or around May 2022, Plaintiff announced to her team that she was pregnant and would be taking FMLA for the birth of her child.

13.     After Plaintiff announced her pregnancy, she was told by Priyanka Acharya that it would be a lot of work for the other coordinators because they were short-staffed at the time.

14.     Plaintiff's manager, Karen Castro, then began scrutinizing her work and looking for reasons to discipline her.

15.     Plaintiff started hearing from numerous coworkers that her manager intended to terminate her before her maternity leave.

16.     On or about August 22, 2022, Karen told Plaintiff she would be placed on a Performance Improvement Plan for ninety days.

17.     Karen did not present Plaintiff with any documents for the performance improvement plan but said she would give it to the Director and Vice President and, if they agreed, it would not have to go through Human Resources.

18.     When Plaintiff asked why she was being placed on a performance improvement plan, she was told it was because she did not complete documentation properly for a particular study.

19.     Plaintiff explained to Karen that the study had just been handed to her because another coordinator had given notice and left.

20.     Plaintiff spoke with Human Resources following this conversation and told them she felt like she was being targeted by Karen because of her pregnancy.

21.     HR told Plaintiff they would speak with Karen about it.

22.    Following this, Karen started scrutinizing Plaintiff's work even more, giving impossible goals and deadlines, and giving her write-ups for false reasons on September 6, 2022, September 15, 2022, and September 18, 2023.

23.    Multiple co-workers told Plaintiff that Karen was asking them to make complaints about her work and misrepresenting what they told her to make it seem like a complaint.

24.    On September 9, 2022, Karen accused Plaintiff of talking about a meeting with HR when she and her peers were doing the afternoon huddle.

25.    Plaintiff explained to HR that Lauren always records the huddles so they could confirm that with her.

26.    HR listened to the recordings and confirmed that Karen's accusations were false.

27.    On September 15, 2022, Plaintiff emailed HR because she was concerned that the stress Karen was causing was going to put the baby at risk.

28.    Plaintiff had to be put on medication for anxiety and had to be out of work from September 20-26, 2022, because her blood pressure was dangerously high.

29.    Karen gave Plaintiff the run around about what paperwork she needed to complete for that leave of absence, despite the fact that she had done what she was instructed to do by the leave provider.

30.    On September 27, 2022, an individual came in for an interview for a coordinator position.

31.    Plaintiff and her peers were confused because there was no position open at that time.

32.    One of Plaintiff's colleagues asked where the new person would sit but Karen did not respond.

33.     When it came time for the coordinators to gather for the interview as they always had, Karen told Plaintiff that my presence was not needed in the meeting.

34.     That same day, Plaintiff received an email from Karen that mentioned Plaintiff would be out of the office starting October 12, 2022.

35.     Plaintiff did not have an official date to start my leave and went to HR asking what that was about.

36.     HR said they said they would talk to Karen.

37.     On October 12, 2022, Plaintiff was told she was being terminated for not meeting performance expectations, which was not true and was a problem she had not had before announcing my pregnancy.

38.     Plaintiff was replaced by the person who had been interviewed on September 27, 2022.

## VII.

## CONDITIONS PRECEDENT

39.     Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, and the Charge was dual filed with the Texas Workforce Commission pursuant to those agencies' work sharing agreement.

40.     The Charge was filed within 180 days after the date on which the complained of employment practices were committed.

41.     The EEOC issued a Right to Sue on the Charge.

42.     More than 180 days have passed since the Charge was filed and no action has been taken.

43.     Plaintiff has timely exhausted all administrative remedies.

## VIII.

## CAUSES OF ACTION

**A.      Cause of Action—Sex Discrimination—TCHRA**

44.      Plaintiff incorporates each of the foregoing paragraphs.

45.      Defendant discriminated against Plaintiff because of Plaintiff's sex/pregnancy.

46.      Plaintiff was treated differently than similarly situated males/non-pregnant females.

47.      Defendant's actions violated section 21.051 of the Texas Labor Code.

**B.      Cause of Action—Sex Discrimination—Discriminatory Discharge—TCHRA**

48.      Plaintiff incorporates each of the foregoing paragraphs.

49.      Defendant discriminated against Plaintiff because of Plaintiff's sex/pregnancy, and terminated Plaintiff's employment and/or constructively discharged Plaintiff because of her sex/pregnancy.

50.      Defendant's actions violated section 21.051 of the Texas Labor Code.

**C.      Cause of Action—Unlawful Retaliation—TCHRA**

51.      Plaintiff incorporates each of the foregoing paragraphs.

52.      Plaintiff engaged in protected activity as set forth in Texas Labor Code section 21.055.

53.      In response, Defendant retaliated against Plaintiff and ultimately terminated Plaintiff's employment and/or constructively discharged Plaintiff.

54.      Defendant's actions violated section 21.055 of the Texas Labor Code

**D.      Cause of Action—FMLA Interference**

55.      Plaintiff incorporates each of the foregoing paragraphs.

56.     Defendant denied Plaintiff leave that should have been covered by the Family and Medical Leave Act.

57.     Defendant's actions violated 29 U.S.C. § 2615.

## IX.

## <u>DAMAGES</u>

58.     Plaintiff incorporates each of the foregoing paragraphs.

59.     Defendant's actions violated the TCHRA, which entitles Plaintiff to recover from Defendant back pay, front pay, compensatory damages, as well as pre-judgment and post-judgment interest.

60.     Because Defendant's actions were done with malice and/or reckless indifference to Plaintiff's state-protected rights, Plaintiff is entitled to recover from Defendant punitive damages.

61.     Plaintiff seeks all damages available under the TCHRA.

62.     Defendant's actions violated 29 U.S.C. § 2615, which, pursuant to 29 U.S.C. § 2617, entitles Plaintiff to recover from Defendant any wages, salary, employment benefits, or other compensation denied or lost.

## X.

## <u>ATTORNEYS' FEES AND COSTS</u>

63.     Plaintiff incorporates each of the foregoing paragraphs.

64.     Plaintiff retained the services of undersigned counsel to prosecute their claims.

65.     Pursuant to Texas Labor Code section 21.259, Plaintiffs are entitled to recover a reasonable attorneys' fee from Defendant, including reasonable expert fees.

66.     Pursuant to 29 U.S.C. § 2617(a)(3), Plaintiff is entitled to recover a reasonable attorneys' fee from Defendant, including reasonable expert fees and costs.

## XI.

## **RESPONDEAT SUPERIOR**

67.    Plaintiff incorporates each of the foregoing paragraphs.

68.    Defendant is liable for the acts and/or omissions of their respective agents, representatives, employees, servants, and officers.

## XII.

## **INJUNCTIVE AND EQUITABLE RELIEF**

69.    Plaintiff incorporates each of the foregoing paragraphs.

70.    Plaintiff requests the Court enter an order providing injunctive and declaratory relief including, but not limited to:

  a.    Prohibiting Defendant from engaging in unlawful discrimination;

  b.    Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

  c.    Reinstating Plaintiff's employment with Defendant with backpay;

  d.    Paying court costs;

  e.    Any additional equitable relief as the Court deems proper.

## XIII.

## **JURY TRIAL**

71.    Plaintiff incorporates each of the foregoing paragraphs.

72.    Plaintiff demands a jury trial.

## XIV.

## **NOTICE PURSUANT TO RULE 193.7**

73.    Plaintiff provides notice to Defendant pursuant to Rule 193.7 of the Texas Rules of Civil Procedure that Plaintiff may utilize as evidence during the trial of this lawsuit all documents exchanged by the parties in written discovery in this case

## XV.

## <u>PRAYER</u>

74.     Plaintiff respectfully requests that Defendant be cited to appear and answer, and that upon final trial of this matter, the Court enter judgment against Defendant, awarding Plaintiff:

    A.     Back pay and front pay (including benefits);

    B.     Compensatory damages;

    C.     Punitive damages;

    D.     Reasonable attorneys' fees and expert fees;

    E.     Injunctive and equitable relief, including but not limited to, an Order:

        a.     Prohibiting Defendant from engaging in unlawful discrimination;

        b.     Reinstating Plaintiff's employment with Defendant with backpay;

        c.     Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

        d.     Paying court costs;

        e.     Any additional equitable relief the Court deems proper;

    F.     Courts costs;

    G.     Pre-judgment and post-judgment interest at the rate set by law; and;

    H.     All legal or equitable relief this Court deems proper.

Respectfully submitted,


/s/ Brittney L. Thompson
MATTHEW R. SCOTT
Texas Bar No. 00794613
matt@sgtlawgroup.com
JAMIE J. GILMORE
Texas Bar No. 24045262
jamie@sgtlawgroup.com
BRITTNEY L. THOMPSON
Texas Bar No. 24104618
brittney@sgtlawgroup.com
**SCOTT GILMORE THOMPSON PLLC**
Founders Square
900 Jackson Street, Suite 550
Dallas, Texas 75202
214-965-9675 / 214-965-9680 (Facsimile)
**ATTORNEYS FOR PLAINTIFF**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Brittney Thompson
Bar No. 24104618
brittney@sgtlawgroup.com
Envelope ID: 79591915
Filing Code Description: Ody - Original Petition (OCA - New Case Filed)
Filing Description: PLAINTIFF'S ORIGINAL PETITION
Status as of 9/15/2023 1:34 PM CST

Associated Case Party: GLORIA VALDEZ

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Matt Scott | | matt@sgtlawgroup.com | 9/15/2023 10:38:07 AM | SENT |
| Brittney Thompson | 24104618 | brittney@sgtlawgroup.com | 9/15/2023 10:38:07 AM | SENT |
| Jamie Gilmore | 24045262 | jamie@sgtlawgroup.com | 9/15/2023 10:38:07 AM | SENT |

# Exhibit F

# THE STATE OF TEXAS
# CITATION

CAUSE NO. **CC-23-06114-E**
COUNTY COURT AT LAW NO. 5
Dallas County, Texas

| | ATTORNEY |
|---|---|
| | **CITATION** |
| | **PLAINTIFF'S ORIGINAL PETITION** |
| | **CC-23-06114-E** |

**TO:**

**METHODIST HOSPITALS OF DALLAS D/B/A METHODIST HEALTH SYSTEM**
**SERVE ITS REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX  75201**

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 5
Dallas County, Texas

GLORIA VALDEZ, *Plaintiff(s)*

**VS.**

METHODIST HOSPITALS OF
DALLAS D/B/A METHODIST
HEALTH SYSTEM, *Defendant(s)*

"You have been sued.  You may employ an attorney.  If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."   Your answer should be addressed to the clerk of  County Court at Law No. 5 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas  75202.

**SERVE:**
**METHODIST HOSPITALS OF DALLAS**
**D/B/A METHODIST HEALTH SYSTEM**
**SERVE ITS REGISTERED AGENT**
**CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX  75201**

**ISSUED THIS**
**19TH DAY OF SEPTEMBER, 2023**

JOHN F. WARREN, COUNTY CLERK
BY: GUISLA HERNANDEZ, DEPUTY

**GLORIA VALDEZ**
*Plaintiff(s)*

**VS.**

**METHODIST HOSPITALS OF DALLAS D/B/A METHODIST HEALTH SYSTEM**
*Defendant(s)*

Attorney for Plaintiff

BRITTNEY LYNNE THOMPSON
SCOTT LAWFIRM PLLC
900 JACKSON STREET
SUITE 550
DALLAS TX  75202
214-272-3714

filed in said Court on the 15th day of September, 2023, a copy of which accompanies this citation.

**WITNESS:   JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas.  GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 19th day of September, 2023 A.D.

JOHN F. WARREN, Dallas County Clerk

By *Guisla Hernandez*, Deputy
Guisla Hernandez



NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

**OFFICER'S RETURN**

CC-23-06114-E   County Court at Law No. 5

GLORIA VALDEZ vs.  METHODIST HOSPITALS OF DALLAS D/B/A METHODIST HEALTH SYSTEM

**ADDRESS FOR SERVICE:**
SERVE ITS REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900
DALLAS TX  75201

**Fees:**
Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.m., and executed in _____ County, Texas by delivering to METHODIST HOSPITALS OF DALLAS D/B/A METHODIST HEALTH SYSTEM in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|------|-----------|--------------------------------------------|
|      |           |                                            |
|      |           |                                            |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

and the cause or failure to execute this process is:

and the information received as to the whereabouts of said defendant(s) being:

Serving Petition and Copy     $_____     _____ , Officer

Total     $_____     _____ , County, Texas

By:_____ , Deputy

_____ , Affiant

# Exhibit G

FILED
9/22/2023 8:03 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

# THE STATE OF TEXAS
# CITATION

CAUSE NO. **CC-23-06114-E**
COUNTY COURT AT LAW NO. 5
Dallas County, Texas

TO:

**METHODIST HOSPITALS OF DALLAS D/B/A METHODIST HEALTH SYSTEM**
**SERVE ITS REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX 75201**

"You have been sued. You may employ an attorney. If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."  Your answer should be addressed to the clerk of County Court at Law No. 5 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas 75202.

**GLORIA VALDEZ**
*Plaintiff(s)*

VS.

**METHODIST HOSPITALS OF DALLAS D/B/A METHODIST HEALTH SYSTEM**
*Defendant(s)*

filed in said Court on the 15th day of September, 2023, a copy of which accompanies this citation.

**WITNESS:  JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas. GIVEN UNDER MY HAND AND SEAL OF OFFICE. at Dallas, Texas, and issued this 19th day of September, 2023 A.D.

JOHN F. WARREN, Dallas County Clerk

By _Guisla Hernandez_, Deputy
Guisla Hernandez



---

**ATTORNEY**

**CITATION**
**PLAINTIFF'S ORIGINAL PETITION**

**CC-23-06114-E**

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 5
Dallas County, Texas

GLORIA VALDEZ, *Plaintiff(s)*

VS.

METHODIST HOSPITALS OF
DALLAS D/B/A METHODIST
HEALTH SYSTEM, *Defendant(s)*

**SERVE:**
**METHODIST HOSPITALS OF DALLAS**
**D/B/A METHODIST HEALTH SYSTEM**
**SERVE ITS REGISTERED AGENT**
**CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX 75201**

**ISSUED THIS**
**19TH DAY OF SEPTEMBER, 2023**

JOHN F. WARREN, COUNTY CLERK
BY: GUISLA HERNANDEZ, DEPUTY

Attorney for Plaintiff

BRITTNEY LYNNE THOMPSON
SCOTT LAWFIRM PLLC
900 JACKSON STREET
SUITE 550
DALLAS TX 75202
214-272-3714

NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

**OFFICER'S RETURN**

CC-23-06114-E   County Court at Law No. 5

GLORIA VALDEZ vs. METHODIST HOSPITALS OF DALLAS D/B/A METHODIST HEALTH SYSTEM

**ADDRESS FOR SERVICE:**
SERVE ITS REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900
DALLAS TX 75201

**Fees:**
Came to hand on the _14th_ day of _September_, 20_23_, at _9:41_ o'clock _a_.m., and executed in _Dallas_ County, Texas by delivering to METHODIST HOSPITALS OF DALLAS D/B/A METHODIST HEALTH SYSTEM in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| Methodist Hospitals of Dallas D/B/A | 9/20/23 at 11:06 AM | 1999 Bryan Street Suite 900, Dallas, Texas 75201 |
| Methodist Health System by serving CT Corporation System | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

and the cause or failure to execute this process is:

and the information received as to the whereabouts of said defendant(s) being:

| | | |
|---|---|---|
| | Serving Petition and Copy | $_____ | _____, Officer |
| | Total  $_____ | | _____ Dallas, County, Texas |
| | | | By: Greg Allen  PSC-696 , Deputy |
| | | | Tracy Allen , Affiant |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 79830765
Filing Code Description: Ody - Return Of Service
Filing Description: METHODIST HOSPITALS OF DALLAS DBA METHODIST HEALTH SYSTEM
Status as of 9/22/2023 4:34 PM CST

Associated Case Party: GLORIA VALDEZ

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jamie Gilmore | 24045262 | jamie@sgtlawgroup.com | 9/22/2023 8:03:07 AM | SENT |
| Brittney Thompson | 24104618 | brittney@sgtlawgroup.com | 9/22/2023 8:03:07 AM | SENT |
| Matt Scott | | matt@sgtlawgroup.com | 9/22/2023 8:03:07 AM | SENT |

# Exhibit H



**JUDGE NICOLE TAYLOR**
**COUNTY COURT AT LAW NO. 5**
**GEORGE L ALLEN, SR. COURTS BUILDING**
**600 COMMERCE STREET, 5th FLOOR**
**DALLAS, TEXAS  75202-5792**
**214-653-6503**

Chambers of Nicole Taylor                                                                 September 26, 2023

BRITTNEY LYNNE THOMPSON
SCOTT LAWFIRM PLLC
900 JACKSON STREET SUITE 550
DALLAS TX  75202


Re:     Cause No        CC-23-06114-E

        Cause Style:    GLORIA VALDEZ vs.METHODIST HOSPITALS OF DALLAS D/B/A
METHODIST HEALTH SYSTEM

Dear Attorney:

The above case is set for dismissal, pursuant to Rule 165A, Texas Rule of Civil Procedure,
on: December 18, 2023 **at 9:30 a.m.**

**\*VIA SUBMISSION ONLY\* THIS IS NOT AN IN-PERSON HEARING.**

If no answer has been filed, or if the answer filed is insufficient as a matter of law to place any of the facts alleged in your petition in
issue, you will be expected to have moved for, and to have had heard, a summary judgment or to have proved up a default judgment on
or prior to that date.  Your failure to have done so will result in the dismissal of the case on the above date.

If an answer has been filed that is sufficient to create a fact issue that prevents disposition of the entire case, or if you have been unable
to obtain service of process, you should plan to notify the court to obtain a reset of the dismissal date or a trial setting as appropriate.

In no event will live witnesses be required unless the default prove-up is for an un-liquidated claim.  Liquidated claims and attorneys'
fees may be proved up by affidavit with a form of judgment.

If you should have any questions, please feel free to call us.

                                                                Very Truly Yours,

                                                                Judge Nicole Taylor
                                                                County Court at Law No. 5
                                                                Dallas County, Texas

\*IF A *JURY DEMAND* IS REQUESTED, IT MUST BE MADE IN WRITING AND SUBMITED WITH **$22.OO** FOR THE JURY
FEES TO: MR. JOHN WARREN, DALLAS COUNTY CLERK, 600 COMMERCE, #101, DALLAS, TEXAS 75202\*

# Exhibit I

FILED
10/13/2023 2:00 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CAUSE NO. CC-23-06114-E

| | | |
|---|---|---|
| GLORIA VALDEZ, | § | IN THE COUNTY COURT |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | |
| | § | AT LAW NO. 5 |
| METHODIST HOSPITALS OF DALLAS | § | |
| D/B/A METHODIST HEALTH SYSTEM, | § | |
| | § | |
| **Defendant.** | § | DALLAS COUNTY, TEXAS |

---

## DEFENDANT'S ORIGINAL ANSWER

---

Defendant Methodist Hospitals of Dallas d/b/a Methodist Health System ("Methodist") files this, its Original Answer to Plaintiff Gloria Valdez's ("Plaintiff") Original Petition ("Petition"), and states as follows:

### I.    GENERAL DENIAL

1.    Pursuant to and as provided by Rule 92 of the Texas Rules of Civil Procedure, Methodist generally denies the allegations in each paragraph of Plaintiff's Petition and demands strict proof thereof.

### II.    DEFENSES AND AFFIRMATIVE DEFENSES

2.    Each defense or affirmative defense is made without admitting the burden of proof, is stated in the alternative, and exists separately from all other defenses and affirmative defenses.

3.    Plaintiff, in each alleged cause of action, fails to state a claim upon which relief can be granted.

4.    At all times, Plaintiff's employment was terminable at will by either Plaintiff or Methodist, with or without cause or notice.

5.      Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

6.      Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has failed to exhaust her administrative remedies.

7.      To the extent Plaintiff alleges a violation of Chapter 21 of the Texas Labor Code § 21.001 *et seq.*, for conduct occurring more than 180 days prior to the date on which Plaintiff filed her discrimination charge with the Texas Workforce Commission/Equal Employment Opportunity Commission about such conduct, any claim for back pay or other relief arising therefrom is barred.

8.      To the extent Plaintiff alleges a violation of Chapter 21 of the Texas Labor Code, more than two years after filing her complaint with the Texas Workforce Commission, Plaintiff's claims are barred by limitations pursuant to Texas Labor Code § 21.256.

9.      To the extent Plaintiff alleges a violation of Chapter 21 of the Texas Labor Code or Title VII of the Civil Rights Act of 1964 ("Title VII") based on a charge for which Plaintiff received a notice of right to file a civil action more than 90 days prior to filing a petition or complaint in this case, Plaintiff's claims are barred by limitations.

10.     To the extent Plaintiff asserts a discrimination or retaliation claim under Chapter 21 of the Texas Labor Code or Title VII based upon allegations which were not stated in a discrimination charge timely filed with the Texas Workforce Commission/Equal Employment Opportunity Commission, such claims are barred.

11.     Without admitting liability, Methodist states that Plaintiff has failed to mitigate, or reasonably attempt to mitigate, her damages, if any, and Methodist is entitled to an offset in the amount Plaintiff could have earned after her employment with Methodist ended.  In addition,

Plaintiff's damages and losses, if any, should be reduced by any and all interim earnings and/or benefits, including unemployment compensation.

12.     Plaintiff was terminated for legitimate, non-discriminatory, non-retaliatory, non-pretextual business reasons. Plaintiff's sex, pregnancy, alleged protected activity, and/or any request or need for leave under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"), played no role in Methodist's decisions with regard to Plaintiff's employment or termination.

13.     At all times during Plaintiff's employment, Methodist made good faith efforts to comply with Chapter 21 of the Texas Labor Code, Title VII, the FMLA, and all other applicable laws with regard to Plaintiff's employment without any intent to, and did not, discriminate or retaliate against Plaintiff.

14.     Methodist took no actions with respect to Plaintiff's employment that were contrary to any applicable law. Plaintiff's sex, pregnancy, alleged protected activity, prior or expected FMLA leave, and any other unlawful criteria were not a factor in any decision made by Methodist with respect to Plaintiff's employment.

15.     Plaintiff's claims for discrimination, retaliation, and FMLA interference are barred because she cannot establish a *prima facie* case of discrimination, retaliation, or FMLA interference.

16.     Plaintiff's claims for discrimination and retaliation are barred because she cannot prove that Methodist's legitimate, non-discriminatory and non-retaliatory reasons for its employment actions are pretextual or that, but for her alleged protected activity, she would not have been terminated.

17.    Plaintiff's claims are barred because Methodist would have made the same decisions regarding her employment even if she had not taken, requested or indicated the need for FMLA leave.

18.    Plaintiff's claims for money damages, attorneys' fees, and costs of court are barred, in whole or in part, because Methodist would have made the same decisions regarding Plaintiff's employment in the absence of any alleged impermissible motivating factor, if such is found to have occurred, although such is not admitted hereby or herein.

19.    Without admitting any liability, Methodist states that any claim for front pay including, without limitation, future lost wages and benefits and future lost income, is too speculative to be permitted.

20.    Methodist acted in good faith as to Plaintiff's statutory rights and has never acted with malice or with reckless indifference as to those rights so as to be liable for any claim or damages at issue herein.

21.    Without admitting any liability, Plaintiff's claim for punitive damages is barred because any alleged actions by Methodist's employee(s), if they are found to have occurred, were contrary to Methodist's good faith efforts to comply with the Texas Labor Code, Title VII, the FMLA, and all other applicable laws with regard to Plaintiff's employment.

22.    To the extent Plaintiff seeks remedies beyond those available under Chapter 21 of the Texas Labor Code and the FMLA, such remedies are improper.

23.    Plaintiff is not entitled to punitive or exemplary damages under the FMLA.  In addition, the amount of compensatory and/or punitive damages sought by Plaintiff is limited by the provisions of Section 21.2585 of the Texas Labor Code, Chapters 41 and 84 of the Texas Civil Practice & Remedies Code and 42 U.S.C. Section 1981a(b)(3).

24.     In response to Plaintiff's claims for the recovery of punitive damages, Methodist alleges that the award of such damages is unconstitutional or, alternatively, that the standards for the assessment and award of such damages are unconstitutional.  Further, to allow an award of punitive damages based, in whole or in part, on the wealth of Methodist would deny Methodist its right to equal protection under the 5th and 14th Amendments to the United States Constitution, as well as Article 1, Section 3 of the Constitution of the State of Texas.  In the unlikely event such damages are recoverable, Methodist would affirmatively aver that the amount recoverable, if any, is governed by the Texas Labor Code, the Texas Civil Practice and Remedies Code, the FMLA, and any other applicable law.

25.     As a result of Plaintiff's action herein, Methodist has been required to retain the services of the undersigned attorneys, and pursuant to applicable statutes, Methodist is entitled to an award of its reasonable attorneys' fees incurred in defending this action.

26.     Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, her own acts or omissions, and/or after-acquired evidence.

27.     To the extent that Plaintiff engaged in misconduct during her employment that would have resulted in her termination had Methodist been aware of such misconduct, any damages Plaintiff claims must cease as of the date Methodist learned of such misconduct.

28.     Plaintiff is not entitled to duplicative remedies for the same underlying actions or omissions under the various statutes invoked in this action.  Plaintiff is required to elect her remedies.

### III.     RESERVATION OF RIGHTS

29.     As authorized by the Texas Rules of Civil Procedure, Methodist reserves the right to amend this pleading to plead any additional defenses or affirmative defenses before the trial of this cause on its merits.

WHEREFORE, premises considered, Defendant Methodist Hospitals of Dallas d/b/a Methodist Health System prays that, upon final trial and hearing hereof, judgment be entered that Plaintiff take nothing by her suit, that all relief prayed for by Plaintiff in this action be denied, that Methodist recover all costs of court incurred herein, including attorneys' fees, if appropriate, and that Methodist be awarded such other and further relief, general and special, legal and equitable, to which it may show itself justly entitled.

Respectfully submitted,

*/s/ Paul G. Nason*
Paul G. Nason
State Bar No. 00797926
pnason@lockelord.com
Robin G. Shaughnessy
State Bar No. 24012713
rshaughnessy@lockelord.com
Aaron S. Nava
State Bar No. 24134375
aaron.nava@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue Suite 2800
Dallas, Texas 75201
Tel: (214) 740-8000
Fax: (214) 740-8800

**ATTORNEYS FOR DEFENDANT
METHODIST HOSPITALS OF DALLAS
D/B/A METHODIST HEALTH SYSTEM**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon the following counsel of record *via electronic notice* pursuant to the Texas Rules of Civil Procedure on this 13th day of October 2023:

Matthew R. Scott
Jamie J. Gilmore
Brittney L. Thompson
**SCOTT GILMORE THOMPSON PLLC**
Founders Square
900 Jackson Street, Suite 550
Dallas, Texas 75202


*/s/ Paul G. Nason*
Counsel for Defendant

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Gina Berkshier on behalf of Paul Nason
Bar No. 00797926
GBerkshier@lockelord.com
Envelope ID: 80578601
Filing Code Description: Ody - Original Answer - General Denial
Filing Description:
Status as of 10/13/2023 2:03 PM CST

Associated Case Party: GLORIA VALDEZ

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jamie Gilmore | 24045262 | jamie@sgtlawgroup.com | 10/13/2023 2:00:37 PM | SENT |
| Brittney Thompson | 24104618 | brittney@sgtlawgroup.com | 10/13/2023 2:00:37 PM | SENT |
| Matt Scott | | matt@sgtlawgroup.com | 10/13/2023 2:00:37 PM | SENT |

# Exhibit J

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **GLORIA VALDEZ,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| **v.** § | |
| § | **CASE NO.:** |
| **METHODIST HOSPITALS OF DALLAS** § | |
| **D/B/A METHODIST HEALTH SYSTEM,** § | |
| § | |
| **Defendant.** § | |
| § | |

---

**CERTIFICATE OF INTERESTED PERSONS/CORPORATE DISCLOSURE
STATEMENT**

---

Pursuant to Federal Rule of Civil Procedure Rule 7.1 and Northern District of Texas Local Rules 3.1(c), 3.2(e), 7.4, 81.1(a)(4)(D), and 81.2, Defendant Methodist Hospitals of Dallas d/b/a Methodist Health System ("Methodist") files this Certificate of Interested Persons/Corporate Disclosure Statement, and provides the following information:

**For a nongovernmental corporate party, the name(s) of its parent corporation and any publicly held corporation that owns 10% or more of its stock (if none, state "None"):**

None. Methodist Hospitals of Dallas is a 501(c)(3) non-profit organization.

**A complete list of all persons, associations of persons, firms, partnerships, corporations, guarantors, insurers, affiliates, parent or subsidiary corporations, or other legal entities that are financially interested in the outcome of the case:**

(a)    Plaintiff Gloria Valdez;

(b)    Matthew R. Scott, Jamie J. Gilmore, and Brittney L. Thompson of Scott Gilmore Thompson PLLC, counsel for Plaintiff;

(c)    Defendant Methodist Hospitals of Dallas d/b/a Methodist Health System; and

(d)      Locke Lord LLP, counsel for Methodist.

Methodist reserves the right to amend and/or supplement this disclosure as necessary.

Respectfully submitted,

*/s/ Paul G. Nason*
Paul G. Nason
State Bar No. 00797926
pnason@lockelord.com
Robin G. Shaughnessy
State Bar No. 24012713
rshaughnessy@lockelord.com
Aaron S. Nava
State Bar No. 24134375
aaron.nava@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue Suite 2800
Dallas, Texas 75201
Tel: (214) 740-8000
Fax: (214) 740-8800

**ATTORNEYS FOR DEFENDANT
METHODIST HOSPITALS OF DALLAS
D/B/A METHODIST HEALTH SYSTEM**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon the following counsel of record *via CM/*ECF, pursuant to the Federal Rules of Civil Procedure on this 20th day of October 2023:

Matthew R. Scott
Jamie J. Gilmore
Brittney L. Thompson
**SCOTT GILMORE THOMPSON PLLC**
Founders Square
900 Jackson Street, Suite 550
Dallas, Texas 75202

*/s/ Paul G. Nason*
Counsel for Defendant