IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **GLORIA VALDEZ,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | **CIVIL ACTION NO.** |
| v. | § | |
| | § | **3:23-cv-02327-B** |
| **METHODIST HOSPITALS OF DALLAS,** | § | |
| | § | |
| Defendant. | § | |

### PLAINTIFF'S PROPOSED JURY CHARGE

**MEMBERS OF THE JURY:**

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their

arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.[1]

# I.
# INSTRUCTIONS

## BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE[2]

Plaintiff Gloria Valdez has the burden of proving her case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff Gloria Valdez has failed to prove any element of her claim by a preponderance of the evidence, then she may not recover on that claim.

## EVIDENCE[3]

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact

---

[1] Fifth Circuit Pattern Jury Charge § 3.1 (June 2020).
[2] Fifth Circuit Pattern Jury Charge § 3.2 (June 2020).
[3] Fifth Circuit Pattern Jury Charge § 3.3 (June 2020).

exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

### WITNESSES[4]

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

When testimony or an exhibit is admitted for a limited purpose, you may consider that testimony or exhibit only for the specific limited purpose for which it was admitted.[5]

---

[4] Fifth Circuit Pattern Jury Charge § 3.4 (June 2020).
[5] Fifth Circuit Pattern Jury Charge § 2.6 (June 2020).

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.[6]

## EXPERT WITNESSES[7]

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

## II.
## THE ISSUES

**A.    Discrimination based on sex/pregnancy – Texas Commission on Human Rights Act[8]**

Plaintiff Gloria Valdez claims that Defendant Methodist Hospitals of Dallas's discharge of Plaintiff Gloria Valdez was motivated by the Plaintiff Gloria Valdez's sex/pregnancy.

The employer, Defendant Methodist Hospitals of Dallas, denies Plaintiff Gloria Valdez's claims, and contends that Plaintiff Gloria Valdez was terminated for poor performance.

---

[6] Fifth Circuit Pattern Jury Charge § 2.11 (June 2020).
[7] Fifth Circuit Pattern Jury Charge § 3.5 (June 2020).
[8] Fifth Circuit Pattern Jury Charge § 11.1 (June 2020).

It is unlawful for an employer to discriminate against an employee because of the employee's sex/pregnancy. An employer may, however, discharge an employee for other reasons, good or bad, fair or unfair.

To prove unlawful discrimination, Plaintiff Gloria Valdez must prove by a preponderance of the evidence that Defendant Methodist Hospitals of Dallas's discharge of Plaintiff Gloria Valdez was motivated by her sex/pregnancy.

Plaintiff Gloria Valdez does not have to prove that unlawful discrimination was the only reason for Defendant Methodist Hospitals of Dallas discharged her.

If you find that the reason Defendant Methodist Hospitals of Dallas has given for discharging Plaintiff Gloria Valdez is unworthy of belief, you may, but are not required to, infer that Defendant Methodist Hospitals of Dallas was motivated by Plaintiff's sex/pregnancy.

### B.    Unlawful Retaliation—Texas Commission on Human Rights Act[9]

Plaintiff Gloria Valdez claims that she was retaliated against by Defendant Methodist Hospitals of Dallas for engaging in activity protected by the Texas Commission on Human Rights Act. Plaintiff Gloria Valdez claims that she complained of discrimination. Plaintiff Gloria Valdez claims that Defendant Methodist Hospitals of Dallas retaliated against her by discharging her.

Defendant Methodist Hospitals of Dallas denies Plaintiff Gloria Valdez's claims and contends that Plaintiff Gloria Valdez was terminated for poor performance.

It is unlawful for an employer to retaliate against an employee for engaging in activity protected by the Texas Commission on Human Rights Act.

"Protected activity" includes opposing an employment practice that is unlawful under the TCHRA, making a charge of discrimination, or testifying, assisting, or participating in any

---

[9] Fifth Circuit Pattern Jury Charge § 11.5 and Texas Pattern Jury Charge § 107.9 (2022).

manner in an investigation, proceeding, or hearing under the TCHRA. If the claim is for opposing an employment practice, the Plaintiff must prove that she at least had a reasonable belief that the practice was unlawful under the TCHRA.

To prove unlawful retaliation, Plaintiff Gloria Valdez must prove by a preponderance of the evidence that:

1. Plaintiff Gloria Valdez engaged in protected activity.
2. Defendant Methodist Hospital discharged Plaintiff Gloria Valdez; and
3. Defendant Methodist Hospitals of Dallas's decision to discharge Plaintiff's employment as on account of her protected activity.

You need not find that the only reason for Defendant Methodist Hospitals of Dallas's decision was Plaintiff Gloria Valdez's protected activity. But you must find that Defendant Methodist Hospitals of Dallas's decision to take adverse employment actions against Plaintiff Gloria Valdez would not have occurred in the absence of – but for – her protected activity.

If you disbelieve the reason or reasons Defendant Methodist Hospitals of Dallas has given for the decision, you may but are not required to, infer that Defendant Methodist Hospitals of Dallas would not have decided to discharge Plaintiff Gloria Valdez but for her engaging in the protected activity.

C.   **Interference with FMLA Leave**[10]

Plaintiff Gloria Valdez claims that she was entitled to time off from work under the FMLA, and that Defendant Methodist Hospitals of Dallas interfered with, restrained, or denied her entitlement to that time off.

Defendant Methodist Hospitals of Dallas denies Plaintiff Gloria Valdez's claims and contends that Plaintiff was terminated for poor performance.

---

[10] Fifth Circuit Pattern Jury Charge § 11.19.

It is unlawful for an employer to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided by the FMLA. FMLA rights include requesting or taking leave under the statute, having the employer maintain certain employment benefits during the leave, and once leave is completed, being restored to the position the employee held when the leave began, or to a position that has equivalent employment benefits, pay, and other terms and conditions.

If eligible, an employee is eligible to take leave if, when the leave began, she: (1) had been employed by the employer for at least 12 months; and (2) worked at least 1,250 hours during the previous 12-month period.

An employee is entitled to take up to 12 weeks of leave in any 12-month period because of the birth of the employee's child and to care for that child.

An employee is required to give notice to the employer indicating when she requires FMLA leave.

If the need for leave was foreseeable—that is, the leave was planned or expected—the employee must give the employer at least 30 days' notice before the leave was to begin, except that if the date of the birth required the leave to begin in less than 30 days, the employee was required to provide such notice as was practicable.

To give her employer proper notice of the need for FMLA leave, an employee is not required to expressly refer to or name the FMLA. The employee need provide the employer only enough information to put it on notice that leave was needed because of birth.

The regulation implementing the FMLA permits employers to condition FMLA-protected leave upon an employee's compliance with the employer's usual notice and procedural

requirements. Where an employee does not comply, and no unusual circumstances justify the noncompliance, FMLA-protected leave may be delayed or denied.

To succeed in this case, Plaintiff Gloria Valdez must prove by a preponderance of the evidence that she was entitled to time off from work:

1. because of the birth of Plaintiff Gloria Valdez's child and to care for that child;

2. Plaintiff Gloria Valdez gave Defendant Methodist Hospitals of Dallas proper notice of the need for time off from work for one or more of these reasons; and

3. Defendant Methodist Hospitals of Dallas interfered with, restrained, or denied Plaintiff Gloria Valdez's entitlement to take time off from work.

If the statutory requirements have been otherwise satisfied, then it does not matter whether Defendant Methodist Hospitals of Dallas intended to violate the FMLA. If Defendant Methodist Hospitals of Dallas denied Plaintiff Gloria Valdez a right to which she was entitled under the FMLA, then you should find for Plaintiff Gloria Valdez on this issue.

## III.
## JURY QUESTIONS

**Question No. 1:**[11]

Was sex a motivating factor in Methodist Hospitals of Dallas's decision to discharge Gloria Valdez?

A "motivating factor" in an employment decision is a reason for making the decision at the time it was made. There may be more than one motivating factor for an employment decision.

In determining whether sex was a motivating factor, "sex" includes discrimination because of or on the basis of pregnancy, childbirth, or a related medical condition.[12]

If you do not believe the reason(s) Methodist Hospitals of Dallas has given for discharging Gloria Valdez, you may, but are not required, to infer that Methodist Hospitals of Dallas was motivated by Gloria Valdez's sex.

Answer "Yes" or "No"



**Question No. 2:**[13]

Did Methodist Hospitals of Dallas discharge Gloria Valdez because of Gloria Valdez's opposition to a discriminatory practice?

Gloria Valdez must establish that without her opposition to a discriminatory practice, if any, Methodist Hospitals of Dallas's discharge, if any, would not have occurred when it did. There may be more than one cause for an employment decision. Gloria Valdez need not establish that her opposition to a discriminatory practice, if any, was the sole cause of Methodist Hospitals of Dallas's discharge of her employment, if any.

If you do not believe the reason Methodist Hospitals of Dallas has given for Gloria Valdez's discharge, you may, but are not required to, infer that Methodist Hospitals of Dallas would not have discharged Gloria Valdez but for her opposition to a discriminatory practice.

Answer "Yes" or "No"

---

[11] Texas Pattern Jury Charge 107.6 (2022).
[12] Texas Pattern Jury Charge 107.15 (2022).
[13] Texas Pattern Jury Charge 107.9 (2022).

If you answered "Yes" to Question No. 1 and/or Question No. 2, then answer Question No. 3. Otherwise, proceed to Question No. 6.

**Question No. 3:**[14]

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Gloria Valdez for her damages, if any?

Consider the following elements of damages, if any, and none other.

Do not include interest on any amount of damages you may find.

Do not include back pay or interest in calculating compensatory damages, if any.

Answer in dollars and cents for damages, if any.

1. Back pay.

    "Back pay" is that amount of wages that Gloria Valdez would have earned if she had not been subjected to Methodist Hospitals of Dallas's unlawful conduct, less any wages, unemployment compensation benefits or workers' compensation benefits she received in the interim.

    "Employment benefits" include sick-leave pay, vacation pay, profit-sharing benefits, stock options, pension fund benefits, housing or transportation subsidies, bonuses, monetary losses incurred as a result of the loss of health, life, dental, or similar insurance coverage.

    Answer: $_____

2. Compensatory damages in the past, which include emotional pain and suffering, inconvenience, humiliation, mental anguish, loss of enjoyment of life, and other noneconomic losses.

    Answer: $_____

3. Compensatory damages in the future, which include economic losses, emotional pain and suffering, inconvenience, humiliation, mental anguish, loss of enjoyment of life, and other noneconomic losses.

    Answer: $_____

---

[14] Texas Pattern Jury Charge 115.30 (2022).

## PUNITIVE DAMAGES

Answer the following questions only if you unanimously answered "Yes" to Question No. 1 and/or Question No. 2. Otherwise, do not answer the following question and proceed to Question No. 6.

To answer "Yes" to the following question, your answer must be unanimous. You may answer "No" to the following question only upon a vote of 11 or more jurors. Otherwise, you must not answer the following question.

**Question No. 4:**[15]

Do you find by clear and convincing evidence that Methodist Hospitals of Dallas engaged in the discriminatory employment practice that you have found in answer to Question No. 1 and/or Question No. 2 with malice or with reckless indifference to the right of Gloria Valdez to be free from such practices?

> "Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

> "Malice" means a specific intent by Methodist Hospitals of Dallas to cause substantial injury or harm to Plaintiff.[16]

Answer "Yes" or "No"

_____

---

[15] Texas Pattern Jury Charge 115.31 (2022).
[16] Texas Pattern Jury Charge 115.31 (2022).

Answer the following question only if you unanimously answered "Yes" to Question No. 4.  Otherwise, do not answer the following question and proceed to Question 6.

You must unanimously agree on the amount of any award of exemplary damages.

**Question No. 5:**[17]

What sum of money, if any, if paid now in cash, should be assessed against Methodist Hospitals of Dallas and awarded to Gloria Valdez as exemplary damages, if any, for the conduct found in response to Question No. 4?

"Exemplary damages" means an amount that you may in your discretion award as a penalty or by way of punishment.

Factors to consider in awarding exemplary damages, if any, are—

    a.    The nature of the wrong;

    b.    The character of the conduct involved;

    c.    The degree of culpability of Methodist Hospitals of Dallas;

    d.    The situation and sensibilities of the parties concerned;

    e.    The extent to which such conduct offends a public sense of justice and propriety; and

    f.    The net worth of Methodist Hospitals of Dallas.

Answer in dollars and cents, if any.

Answer:  $_____

---

[17] Texas Pattern Jury Charge 115.38 (2022).

**Question No. 6:**[18]

Did Defendant Methodist Hospitals of Dallas deny, restrain, or interfere with Plaintiff Gloria Valdez's right to leave under the FMLA, or with her attempt to exercise her right to leave under the FMLA.

Answer "Yes" or "No"

_____

If you answered "Yes" to Question No. 6, then review the following instructions and answer Question No. 7. Otherwise, STOP.

If you found that Defendant Methodist Hospitals of Dallas violated the FMLA, then you must determine whether those violations caused Plaintiff Gloria Valdez damages. If so, you must determine the amount. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff Gloria Valdez has proved liability.

Plaintiff Gloria Valdez must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Plaintiff Gloria Valdez need not prove the amount of her losses with mathematical precision, but only with as much certainty and accuracy as the circumstances permit.

You should consider the following elements of dam- ages and no others: any wages, salary, employment benefits, or other compensation denied or lost because of Defendant Methodist Hospitals of Dallas's violation of the FMLA, if any.

Wages, salary, and benefits include the amounts the evidence shows Plaintiff Gloria Valdez would have earned had she remained an employee of Defendant Methodist Hospitals of Dallas from October 12, 2022, to the date of your verdict, including benefits such as life and health insurance, stock options, or contributions to retirement, minus the amounts of earnings and benefits, if any, Defendant Methodist Hospitals of Dallas proves by a preponderance of the evidence Plaintiff Gloria Valdez received from employment during that time.

Defendant Methodist Hospitals of Dallas asserts that Plaintiff Gloria Valdez failed to mitigate her damages. To prevail on this defense, Defendant Methodist Hospitals of Dallas must show, by a preponderance of the evidence: (a) that there was "substantially equivalent employment" available; (b) Plaintiff Gloria Valdez failed to use reasonable diligence in seeking those positions; and (c) the amount by which Plaintiff Gloria Valdez's damages were increased by her failure to take such reasonable actions.

"Substantially equivalent employment" means a job that has virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the job Plaintiff Gloria Valdez lost. Plaintiff Gloria Valdez does not have to accept a job that is dissimilar to the one she lost, one that would be a demotion, or one that would be demeaning.

---

[18] Fifth Circuit Pattern Jury Charge § 11.19.

The reasonableness of Plaintiff Gloria Valdez's diligence should be evaluated in light of her individual characteristics and the job market.[19]

**Question No. 7:**[20]

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Gloria Valdez for the damages, if any, you have found Defendant Methodist Hospitals of Dallas caused Plaintiff Gloria Valdez?

Answer in dollars and cents for the following items and no others:

Wages, salary, employment benefits, or other compensation denied or lost from October 12, 2022, to present:

$_____

---

[19] Fifth Circuit Pattern Jury Charge § 11.2 (2020).
[20] Texas Pattern Jury Charge § 115.30 (2022).

## **DUTY TO DELIBERATE**[21]

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Alternate 1:

Remember at all times, you are the judges of the facts. You have not been allowed to take notes during this trial. You must rely on your memory.

Alternate 2:

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

---

[21] Fifth Circuit Pattern Jury Charge § 3.7 (June 2020).

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.