IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GLORIA VALDEZ, § § **Plaintiff,** § § v. § § METHODIST HOSPITALS OF DALLAS § D/B/A METHODIST HEALTH SYSTEM, § § **Defendant.** § § | CASE NO.: 3:23-CV-02327-B |

### DEFENDANT METHODIST HOSPITALS OF DALLAS D/B/A METHODIST HEALTH SYSTEM'S MOTION IN LIMINE AND BRIEF IN SUPPORT

Pursuant to the Court's Scheduling Order (Doc. 6), Defendant Methodist Hospitals of Dallas d/b/a Methodist Health System ("Methodist") files this Motion in Limine and Brief in Support (the "Motion"), and respectfully requests that no evidence or comment – in the form of written documents, oral testimony, deposition testimony, suggestion or argument of Plaintiff Gloria Valdez ("Plaintiff") or her counsel, or otherwise – be tendered, presented, elicited, or displayed before the jury without prior permission of the Court (obtained outside the presence of the jury) as to any of the following matters.

### I.    LEGAL STANDARD

Evidence is relevant under Federal Rule of Evidence 401 if it: "(a) has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." However, only relevant evidence is admissible at trial. Fed. R. Evid. 402.  Further, "while the trial court's discretion in admitting evidence under Rule 401 is necessarily quite broad, Rule 403 requires a balancing of interests to determine whether

logically relevant evidence is also legally relevant evidence." *United States v. Hays*, 872 F.2d 582, 587 (5th Cir. 1989). Specifically, Federal Rule of Evidence 403 provides: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Accordingly, the Court should exclude from trial any matters that unfairly prejudice Methodist or otherwise confuse the issues in this case.

## II.     ITEMS TO BE EXCLUDED

The matters set forth below are inadmissible because they: (1) are not relevant to the issues or the rights of the parties; and (2) any relevance is substantially outweighed by the substantial unfair prejudice to Methodist. Permitting interrogation of witnesses, comments to jurors or prospective jurors, or offers of evidence concerning any of the following matters would cause unfair prejudice, mislead the jury, and confuse issues, and sustaining objections to such questions, statements, or evidence will not prevent unfair prejudice, but will reinforce the development of questionable evidence, prejudice the jury, and result in undue confusion. If any of these matters are brought to the attention of the jury, they will cause irreparable and incurable harm, tainting the jury so that Methodist would be compelled to move for a mistrial.

Accordingly, Methodist requests that the Court enter an Order in Limine, excluding any mention of, discussion of, reference to, implication of, or offer of evidence relating to the following:

1.     Matters concerning any Charge of Discrimination filed with the U.S. Equal Employment Opportunity Commission, Texas Workforce Commission, or any other federal or state agency against Methodist, in which any former or current Methodist employee, other than Plaintiff, alleges Methodist discriminated against him or her, retaliated against him or her, or

otherwise violated his or her rights under Title VII of the Civil Rights Act of 1964 ("Title VII"), Chapter 21 of the Texas Labor Code (the Texas Commission on Human Rights Act, "TCHRA"), the Family Medical Leave Act ("FMLA"), or any other federal or state law. Such matters shall include, without limitation, the Charge of Discrimination filed by Melba Townsend against Methodist.

2.     Matters concerning any other lawsuit where Methodist is a party, in which any current or former Methodist employee, other than Plaintiff, current or former patient, or other individual alleges Methodist discriminated against him or her, retaliated against him or her, or otherwise violated his or her rights under Title VII, the TCHRA, the FMLA, or any other federal or state law. This specifically includes, but is not limited to, the following lawsuits: *Townsend v. Methodist Hospitals of Dallas*, Case No. 3:23-cv-2505 (N.D. Tex.), *King ex rel. United States v. Methodist Hospitals of Dallas*, Case No. 3:21-cv-1923 (N.D. Tex.), *Campbell v. Methodist Hospitals of Dallas*, Case No. 3:23-cv-2232 (N.D. Tex.), and *Straka v. Methodist Hospital*, Case No. 3:16-cv-2192 (N.D. Tex.).

3.     Matters concerning any negative press releases or news stories about Methodist or its related hospitals and clinics, including Methodist Dallas Medical Center, Methodist Charlton Medical Center, Methodist Mansfield Medical Center, Methodist Richardson Medical Center, Methodist Midlothian Medical Center, and Methodist Southlake Medical Center, that do not relate to Plaintiff's allegations in this case that Methodist discriminated against her on the basis of her sex/pregnancy, retaliated against her, or violated her rights under the FMLA. This specifically includes, but is not limited to, any references to the criminal trial of Nestor Hernandez or the factual allegations involved in that criminal trial.

4.  The Court should sustain Methodist's Amended Objections to Plaintiff's First Amended Pretrial Disclosures (Doc. 41), including Methodist's objection to the proposed testimony from the following witnesses: Lauren Brady, Mykaylah Henderson, Bethany Brauer, and Brittney Parker. The Court should also sustain Methodist's objection to the introduction of VALDEZ 0208, a screenshot of text messages between Plaintiff and Lauren Brady that contain inadmissible hearsay – out of court statements which Plaintiff intends to offer as evidence to provide the truth of the matter asserted. *See.* Doc. 41 at p. 5. In addition to excluding these witnesses and VALDEZ 0208, the Court should also prohibit Plaintiff from testifying or referencing inadmissible and highly prejudicial hearsay comments allegedly made by Lauren Brady and Mykaylah Henderson that Karen Castro allegedly targeted Plaintiff for termination.

WHEREFORE, Methodist respectfully requests that the Court grant its Motion and grant Methodist such other and further relief to which it may be justly entitled.

Dated: October 29, 2024                    Respectfully submitted,

                                            */s/ Robin G. Shaughnessy*
                                            Paul G. Nason
                                            State Bar No. 00797926
                                            pnason@lockelord.com
                                            Robin G. Shaughnessy
                                            State Bar No. 24012713
                                            rshaughnessy@lockelord.com
                                            Seth M. Roberts
                                            State Bar No. 24051255
                                            sroberts@lockelord.com
                                            Aaron S. Nava
                                            State Bar No. 24134375
                                            aaron.nava@lockelord.com
                                            **LOCKE LORD LLP**
                                            2200 Ross Avenue Suite 2800
                                            Dallas, Texas 75201
                                            Tel: (214) 740-8000
                                            Fax: (214) 740-8800

                                            **ATTORNEYS FOR DEFENDANT**
                                            **METHODIST HOSPITALS OF DALLAS**
                                            **D/B/A METHODIST HEALTH SYSTEM**

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that on October 29, 2024, counsel for Defendant conferred in-person with counsel for Plaintiff regarding the relief sought in this Motion for Limine. Plaintiff does not oppose Topic No. 3 in the Motion for Limine. However, Plaintiff opposes Topic Nos. 1, 2, and 4.

                                            */s/ Robin G. Shaughnessy*
                                            Counsel for Defendant

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon the following counsel of record by *ECF electronic mail* on this 29th day of October 2024:

Matthew R. Scott
Jamie J. Gilmore
Brittney L. Thompson
**SCOTT GILMORE THOMPSON PLLC**
Founders Square
900 Jackson Street, Suite 550
Dallas, Texas 75202

             */s/ Robin G. Shaughnessy*
             Counsel for Defendant