UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GLORIA VALDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:23-CV-2327-B |
| | § | |
| METHODIST HOSPITALS OF DALLAS | § | |
| D/B/A METHODIST HEALTH | § | |
| SYSTEM, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant Methodist Hospitals of Dallas d/b/a Methodist Health System ("Methodist")'s Motion for Reconsideration (Doc. 61). For the following reasons, the Motion is **DENIED**.

### I.

### BACKGROUND

Plaintiff Gloria Valdez sued Methodist after it fired her the day before Methodist believed she was going to begin her FMLA leave. Doc. 1-E, Pet., ¶ 39. Valdez brought claims for sex discrimination[1] under the Texas Commission on Human Rights Act ("TCHRA"), Doc. 1-E, Orig. Pet., ¶¶ 44–47, unlawful retaliation under the TCHRA, *id.* ¶¶ 51–54, and Family Medical Leave Act ("FMLA") interference. *Id.* ¶¶ 55–57. Methodist moved for Summary Judgment on each of her claims. Doc. 22, Mot. Summ. J. The Court granted in part and denied in part Methodist's Motion.

---

[1] Though Valdez brought separate claims for sex discrimination and sex discrimination–discriminatory discharge, under the TCHRA, both fall under Texas Labor Code § 21.051. Doc. 1-E, Orig. Pet., ¶¶ 44–50. Furthermore, both parties have treated the claims as one. *See generally* Doc. 22, Mot. Summ. J.; Doc. 30, Pl.'s Br. For these reasons, the Court construes Valdez's separate TCHRA sex discrimination claims as one.

Doc. 59, Mem. Op. & Order, 1. Specifically, the Court denied Methodist's Motion on Valdez's claims for sex discrimination and FMLA interference. *Id.* Methodist moved the Court to reconsider its holding on Valdez's FMLA interference claim. Doc. 61, Mot. The Court considers the Motion below.

## II.

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not recognize a general motion for reconsideration. *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). "Rather, courts treat such motions as motions pursuant to either Rule 54(b), 59(e), or 60 depending on when the motion is brought and the type of order that the party requests the Court to reconsider." *Mehar Holdings, LLC v. Evanston Ins. Co.*, No. 5:16-CV-491-DAE, 2016 WL 5957681, at *2 (W.D. Tex. Oct. 14, 2016). Under Federal Rule of Civil Procedure 54(b), a district court may reconsider and reverse a prior interlocutory order. *McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018); *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (per curiam). The Court may "reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin*, 864 F.3d at 336. "The district court's discretion in this respect is broad." *Brown v. Wichita Cnty.*, No. 7:05-CV-108-O, 2011 WL 1562567, at *2 (N.D. Tex. Apr. 26, 2011) (O'Connor, J.) (citing *Calpecto 1981 v. Marshall Expl., Inc.*, 989 F.2d 1408, 1414–15 (5th Cir. 1993)).

Nevertheless, Rule 54(b) motions for reconsideration "have a narrow purpose" and "are not the proper vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier." *Charalambopoulos v. Grammar*, No. 3:14-CV-2424-D, 2016 WL 5942225, at

*2 (N.D. Tex. Oct. 13, 2016) (Fitzwater, J.). And the Court's broad discretion under Rule 54(b) "must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays." *Turk v. Pershing LLC*, No. 3:9-CV-2199-N, 2019 WL 13074701, at *1 (N.D. Tex. Aug. 1, 2019) (Godbey, J.).

## III.

## ANALYSIS

Methodist's Motion for Reconsideration is **DENIED**. Methodist argues that (1) Valdez's FMLA interference claim should be construed as a retaliation claim, (2) the Court should apply the but-for causation standard to it, and (3) as a result, the Court should dismiss the FMLA claim. *See generally* Doc. 61, Mot.

The Court will not construe Valdez's FMLA interference claim as a retaliation claim, as Valdez is the master of her complaint. Methodist argues that Valdez's FMLA interference claim is "an FMLA retaliation claim as a matter of law" because, according to Methodist, FMLA interference claims only apply to current employees. *Id.* at 3. And since Valdez was fired the day before her leave was supposed to start, she cannot claim that Methodist interfered with that leave. *Id.*

Methodist's argument fails. To argue that the law requires the Court to construe Valdez's interference claim as a retaliation claim, Methodist relies on *DeVoss v. Southwest Airlines Co.*, 903 F.3d 487 (5th Cir. 2018), and *Jackson v. BNSF Railway Co.*, 751 F. App'x 509 (5th Cir. 2018). Doc. 61, Mot., 3–4. But in *DeVoss*, the plaintiff had forfeited her FMLA retaliation claim. *DeVoss*, 903 F.3d at 489 n.1. Only her interference claim remained, and the Fifth Circuit considered the claim although she alleged she was fired *before* her FMLA-eligible leave began. *Id.* at 491–92. By allowing Valdez to proceed with her interference claim although she was fired before her FMLA leave began,

the Court proceeds here just as the Fifth Circuit did in *DeVoss*.

And *Jackson* is inapposite. There, the Fifth Circuit did not hold that a terminated employee can *only* obtain FMLA relief by proving retaliation. *See Jackson*, 751 F. App'x at 511; *cf.* Doc. 61, Mot., 4. Instead, it explained that because only an employee is entitled to take leave, an employee fired for a *legal reason* loses the right to claim medical leave. *Jackson*, 751 F. App'x at 511. If the employee is fired for a legal reason, then she can typically only obtain FMLA relief by proving retaliation. *See id.* But here, Valdez claims she was fired for an *illegal* reason. *See* Doc. 1-E, Pet., ¶¶ 55–57. The Court found a triable issue on that claim. Doc. 59, Mem. Op. & Order, 5. Because Valdez claims that she lost her status as a Methodist employee for an *illegal* reason, she does not lose her right to assert that Methodist interfered with her medical leave. *See Jackson*, 751 F. App'x at 511.

Accordingly, the Court need not consider which causation standard would apply to a retaliation standard or whether a retaliation claim should be denied.

## IV.

## CONCLUSION

For the foregoing reasons, Methodist's Motion for Reconsideration (Doc. 61) is **DENIED**.

SO ORDERED.

SIGNED: December 20, 2024.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE