IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GLORIA VALDEZ, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:23-CV-02327-B |
| METHODIST HOSPITALS OF DALLAS D/B/A METHODIST HEALTH SYSTEM, | § § § § | |
| Defendant. | § § | |

**DEFENDANT METHODIST HOSPITALS OF DALLAS D/B/A METHODIST HEALTH SYSTEM'S OBJECTION TO PLAINTIFF'S FIRST AMENDED PROPOSED JURY INSTRUCTIONS AND QUESTIONS (Doc. #73)**

Defendant Methodist Hospitals of Dallas d/b/a Methodist Health System ("Methodist") files this Objection to Plaintiff's First Amended Proposed Jury Instructions and Questions (Doc. #73), and would respectfully show the Court as follows.

Based on the parties' proposed jury charge submissions, Methodist anticipates that the primary jury charge dispute will be the Court's instructions on Plaintiff's FMLA claim. Methodist contends that Plaintiff's FMLA claim is in substance a retaliation claim – not an interference claim – and the Court should use the Fifth Circuit Pattern Jury Charge ("PJC") 11.21 for FMLA retaliation, and not PJC 11.19 for FMLA interference. *See* Doc. #63 at Pg. 3 n.2.

With respect to Plaintiff's FMLA claim, the Court's summary judgment rulings emphasized that the triable fact issue is Defendant Methodist's reason (*i.e.*, motivation) for terminating Plaintiff's employment: whether Plaintiff was terminated because of her pregnancy. Doc. 64 at 4 ("But here, Valdez claims she was fired for an *illegal* reason. The Court found a triable issue on that [FMLA] claim. Because Valdez claims that she lost her status as a Methodist employee for an *illegal* reason, she does not lose her right to assert that Methodist interfered with her medical

leave.") (internal citation omitted). Based on the Court's ruling, Methodist objects to Plaintiff' proposed FMLA jury instruction (5th Cir. PJC 11.19) because it does not address the triable fact issue identified by the Court: whether Plaintiff was terminated for a legal, or *illegal*, reason (*i.e.*, whether Plaintiff was terminated because of her pregnancy).

PJC 11.19 (submitted by Plaintiff) does not address a defendant's motivation for terminating an employee. Footnote 1 to PJC 11.19 specifically states that "The employer's motives are irrelevant," in the pattern instruction for an FMLA interference claim. PJC 11.19 simply examines the plaintiff's eligibility or entitlement to the benefits she claims. The footnote goes on to point out that the pattern instruction on FMLA retaliation, by contrast, does address the defendant's motives. *Id*. at n. 1 ("In contrast, an FMLA-retaliation plaintiff must prove that his or her employer retaliated [*e.g.*, terminated her employment] because he or she engaged in activity protected by the FMLA.").

Because the pattern instruction for an FMLA retaliation claim directly addresses the fact issue identified by the Court (whether Plaintiff was terminated because of her pregnancy), the Court should submit the pattern instruction on retaliation (5th Cir. PJC 11.21) and not the pattern instruction on interference (5th Cir. PJC 11.19).

The facts of this case are nearly identical to *Maldonado*, where the defendant terminated the plaintiff's employment shortly before her FMLA maternity leave was scheduled to begin. *Maldonado v. Frio Cnty., Tex.*, No. CIV.A.SA-02-CA1046XR, 2004 WL 1304951, at *4 (W.D. Tex. June 1, 2004). In resolving the claim, the court noted that the fact pattern "more closely resembles an FMLA retaliation claim" than an interference claim:

> Thus, the only interference or denial claim Plaintiff could state is based on the fact that she was terminated before she was scheduled to begin her leave. **This claim more closely resembles an FMLA retaliation claim**, on which the Court has already granted summary judgment. The Court concludes that when Plaintiff was

> fired, she was no longer an eligible employee, and thus Defendant did not unlawfully deny her or interfere with her rights under the FMLA.

*Id*. at *4 (emphasis added).

As in *Maldonado*, Plaintiff's claim in this case "more closely resembles an FMLA retaliation claim," which is why the pattern instruction on retaliation (5th Cir. PJC 11.21) more closely fits the triable fact issue identified by Court. Methodist objects to Plaintiff's requested use of PJC 11.19, and instead requests that the Court use PJC 11.21 on Plaintiff's FMLA claim.

Alternatively, if the Court overrules Methodist's objection and uses PJC 11.19, Methodist requests that the Court also give the following instruction:

> You are instructed that an employee is not eligible to take FMLA leave if her employment was terminated – whether before, during, or after her requested leave – as long as the employer did not discriminate or retaliate against the employee for requesting or taking such leave.

This instruction is adapted from langue in *Maldonado*, which discusses yet another case involving a plaintiff who was terminated shortly after requesting medical leave:

> The district court properly recognized the "important caveat" that "[a]n employee who requests or takes protected leave under the FMLA is not entitled to any greater rights or benefits than he would be entitled to had he not requested or taken leave." **Therefore, an employer is entitled to dismiss an employee for any lawful reason at any time, whether before, during, or after an employee requests or takes leave pursuant to the FMLA, as long as the employer does not discriminate or retaliate against the employee for requesting or taking such leave. To limit an employer's ability to terminate an employee for performance issues simply because the employee requested medical leave would vest the employee with greater rights and benefits than she would have enjoyed had she continued working without requesting such leave.** Thus, simply because Plaintiff's request for medical leave had been granted, she was not entitled to be retained until she completed her leave despite poor performance or other reasons justifying termination.

*Maldonado*, 2004 WL 1304951 at *4 (discussing *Serio v. Jojo's Bakery Restaurant*, 102 F.Supp.2d 1044 (S.D. Ind. 2000)) (emphasis added).

Based on the foregoing, Methodist objects to Plaintiff's requested use of PJC 11.19, and instead requests that the Court use PJC 11.21 on Plaintiff's FMLA claim. Alternatively, if the Court overrules Methodist's objection and uses PJC 11.19, Methodist requests that the Court also give the instruction proposed above.

DATED: February 4, 2025

/s/ Robin G. Shaughnessy
Paul G. Nason
State Bar No. 00797926
paul.nason@troutman.com
Robin G. Shaughnessy
State Bar No. 24012713
robin.shaughnessy@troutman.com
Seth M. Roberts
State Bar No. 24051255
seth.roberts@troutman.com
Aaron S. Nava
State Bar No. 24134375
aaron.nava@troutman.com
**TROUTMAN PEPPER LOCKE LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
(214) 740-8000 (Telephone)
(214) 740-8800 (Telecopier)

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been sent via electronic mail, on this 4th day of February 2025, to all counsel of record.

/s/ Robin G. Shaughnessy
Robin G. Shaughnessy