UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | | |
|---|---|---|
| GLORIA VALDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:23-CV-2327-B |
| | § | |
| METHODIST HOSPITALS OF DALLAS | § | |
| D/B/A METHODIST HEALTH SYSTEM, | § | |
| | § | |
| Defendant. | § | |

## JURY INSTRUCTIONS

**Members of the Jury:**

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments

rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

## I. GENERAL INSTRUCTIONS

### *Burden of Proof: Preponderance of the Evidence*

Plaintiff Gloria Valdez has the burden of proving her case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff Gloria Valdez has failed to prove any element of her claim by a preponderance of the evidence, then she may not recover on that claim.

### *Evidence*

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

### Demonstrative Evidence

Certain documents used during trial were illustrations. They were a party's or witness's description used to describe something involved in this trial. If your recollection of the evidence differs from the exhibit, rely on your recollection.

### *Witnesses*

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the

relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

When testimony or an exhibit is admitted for a limited purpose, you may consider that testimony or exhibit only for the specific limited purpose for which it was admitted.

## Impeachment by Witness's Inconsistent Statements

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

## No Inference from Filing Suit

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

## II. STIPULATIONS OF FACT

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

The parties have agreed, or stipulated, to the following facts:

1. Ms. Valdez began her employment with Methodist in September 2018 at The Liver Institute.

2. In June 2021, Methodist hired Ms. Valdez to work at its Clinical Research Institute ("CRI") as a Clinical Research Coordinator.

3. Jeny Rendon was Ms. Valdez's supervisor when Methodist hired Ms. Valdez to work in the Clinical Research Institute.

4. After Jeny Rendon's employment with Methodist ended, Priyanka Acharya, then-Director of the CRI, served as the interim manager for approximately six months.

5. Karen Castro was hired by Methodist to be the Clinical Trials Manager on April 5, 2022.

6. Methodist maintains a progressive discipline policy, which involves a verbal warning, written warning, final written warning, and termination.

7. Shortly after Ms. Castro was hired, Ms. Valdez announced to Ms. Castro that she was pregnant.

8. On August 19, 2022, Ms. Valdez initiated the process to request a leave of absence for maternity leave through AbsenceOne, Methodist's third-patty administrator for leaves of absence.

9. Ms. Valdez did not give birth until October 31, 2022.

10. On August 22, 2022, Ms. Castro met with Ms. Valdez to discuss her performance.

11. On August 22, 2022, Ms. Castro received an automated notice from AbsenceOne that Ms. Valdez's last day of work before maternity leave would be October 12, 2022.

12. On August 22, 2022, Ms. Valdez spoke to and then emailed a member of Methodist's Human Resources team expressing her concern that Ms. Castro was targeting her and attempting to terminate her employment.

13. Following Ms. Valdez's conversation with HR on August 22, 2022, HR initiated an investigation, which involved speaking with Ms. Castro regarding Ms. Valdez's concerns.

14. On September 15, 2022, Ms. Valdez received a final written warning.

15. On September 20, 2022, Ms. Valdez called out of work and informed Ms. Castro and Ms. Acharya that she was going to the doctor.

16. Ms. Valdez's doctor wrote Ms. Valdez out of work until September 26, 2022.

17. On October 6, 2022, Ms. Castro prepared a Termination Disciplinary Action and recommended Ms. Valdez's termination.

18. On October 12, 2022, Methodist delivered the Termination Disciplinary Action to Ms. Valdez and terminated her employment.

## III. CLAIMS

### Claim 1: Discrimination

Plaintiff Gloria Valdez claims Defendant Methodist Health System's termination of Plaintiff Gloria Valdez was motivated by Plaintiff Gloria Valdez's sex or pregnancy.

The employer, Defendant Methodist Health System, denies Plaintiff Gloria Valdez's claims, and contends that Plaintiff Gloria Valdez was terminated for poor performance and failure to improve despite Methodist providing her additional training and extended deadlines.

It is unlawful for an employer to discriminate against or terminate an employee because of the employee's sex or because she is pregnant. An employer may, however, terminate an employee for other reasons, good or bad, fair or unfair, but not for a discriminatory reason.

To prove unlawful discrimination, Plaintiff Gloria Valdez must prove by a preponderance of the evidence that:

1. Defendant Methodist Health System terminated the employment of Plaintiff Gloria Valdez; and

2. Defendant Methodist Health System's termination of Plaintiff Gloria Valdez's employment was motivated by her sex or pregnancy.

Plaintiff Gloria Valdez does not have to prove that unlawful discrimination was the only reason Defendant Methodist Health System terminated her employment.

## QUESTION NO. 1

Has Plaintiff Gloria Valdez proved by a preponderance of the evidence that her sex or pregnancy was a motivating factor in Defendant Methodist Health System's decision to terminate her?

A "motivating factor" in an employment decision is a reason for making the decision at the time it was made. There may be more than one motivating factor for an employment decision.

In determining whether sex was a motivating factor, "sex" includes discrimination because of or on the basis of pregnancy, childbirth, or a related medical condition.

If you find that the reason Defendant Methodist Health System has given for terminating Plaintiff Gloria Valdez is unworthy of belief, you may, but are not required to, infer that Defendant Methodist Health System was motivated by Plaintiff's Gloria Valdez's sex or pregnancy.

Answer __Yes__

*Answer "Yes" or "No" to the above question.*

*If your answer to Question No. 1 is "Yes," proceed to page 9. If your answer to Question No. 1 is "No," proceed to page 13.*

## Damages: Discrimination

If you found that Defendant Methodist Health System unlawfully discriminated or retaliated against Plaintiff Gloria Valdez, then you must determine whether it has caused Plaintiff Gloria Valdez damages and, if so, you must determine the amount of those damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff Gloria Valdez has proved liability.

Plaintiff Gloria Valdez must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Plaintiff Gloria Valdez need not prove the amount of her losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

There is no exact standard for determining actual damages. You are to determine an amount that will fairly compensate Plaintiff Gloria Valdez for the harm she has sustained. Do not include as actual damages interest on wages or benefits.

In addition to actual damages, you may consider whether to award punitive damages. Punitive damages are damages designed to punish a defendant and to deter similar conduct in the future.

QUESTION NO. 2:

Answer Question 2 only if you answered "Yes" to Question 1. If you answered "No" to Question 1, do not answer Question 2.

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Plaintiff Gloria Valdez for her damages, if any, that resulted from Defendant Methodist Health System's unlawful discrimination?

Consider the following elements of damages, if any, and none other.

Do not include interest on any amount of damages you may find.

Do not include back pay or interest in calculating compensatory damages, if any.

Answer in dollars and cents for damages, if any.

1. Back pay.

"Back pay" is that amount of wages and employment benefits that Gloria Valdez would have earned if she had not been subjected to her employer's unlawful conduct less any wages, unemployment compensation benefits or workers' compensation benefits she received in the interim.

"Employment benefits" include sick-leave pay, vacation pay, profitsharing benefits, stock options, pension fund benefits, housing or transportation subsidies, bonuses, monetary losses incurred as a result of the loss of health, life, dental, or similar insurance coverage.

Answer: $ ~~24,047.00~~ 27,047.

2. Compensatory damages in the past, which include emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic losses.

Answer: $ 10,000.00

3. Compensatory damages in the future, which include noneconomic losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic losses.

Answer: $ **0.00**

## QUESTION NO. 3:

Answer Question 3 only if you answered "Yes" to Question 1. If you answered "No" to Question 1, do not answer Question 3.

Do you find by clear and convincing evidence that Defendant Methodist Health System engaged in the discriminatory practice that you have found in answer to Question No. 1 with malice or with reckless indifference to the right of Plaintiff Gloria Valdez to be free from such practices?

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

"Malice" means a specific intent by Defendant Methodist Health System to cause substantial injury or harm to Plaintiff Gloria Valdez.

An action is in "reckless indifference" to Plaintiff Gloria Valdez's federally protected rights if it was taken in the face of a perceived risk that the conduct would violate federal law. Plaintiff Gloria Valdez is not required to show egregious or outrageous discrimination to recover punitive damages. Proof that Defendant Methodist Health System engaged in intentional discrimination, however, is not enough in itself to justify an award of punitive damages.

Answer "Yes" or "No."

Answer: **Yes**

## QUESTION NO. 4:

Answer Question 4 only if you answered "Yes" to Question 1. If you answered "No" to Question 1, do not answer Question 4. You must unanimously agree on the amount of any award of exemplary damages.

What sum of money, if any, if paid now in cash, should be assessed against Defendant Methodist Health System and awarded to Plaintiff Gloria Valdez as exemplary damages, if any, for the conduct found in response to Question No. 1?

"Exemplary damages" means an amount that you may in your discretion award as a penalty or by way of punishment. Factors to consider in awarding exemplary damages, if any, are—

1. The nature of the wrong.

2. The character of the conduct involved.

3. The degree of culpability of Defendant Methodist Health System.

4. The situation and sensibilities of the parties concerned.

5. The extent to which such conduct offends a public sense of justice and propriety.

6. The net worth of Defendant Methodist Health System.

Answer in dollars and cents, if any.

Answer: $75,000.00

### Claim 2: FMLA Interference

Plaintiff Gloria Valdez claims that she was entitled to time off from work under the FMLA, and that Defendant Methodist Health System interfered with, restrained, or denied her entitlement to that time off.

Defendant Methodist Health System denies Plaintiff Gloria Valdez's claims and contends that it fired her for poor performance and failure to improve despite Methodist providing her additional training and extended deadlines.

It is unlawful for an employer to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided by the FMLA. FMLA rights include requesting or taking leave under the statute.

An employee is eligible to take leave if, when the leave began, she: (1) had been employed by the employer for at least 12 months; and (2) worked at least 1,250 hours during the previous 12-month period.

If eligible, an employee is entitled to take up to 12 weeks of leave in any 12-month period because of the birth of the employee's child and to care for that child.

To succeed in this case, Plaintiff Gloria Valdez must prove by a preponderance of the evidence that she was entitled to time off from work:

1. because of the birth of Plaintiff Gloria Valdez's child and to care for that child; and
2. Defendant Methodist Health System interfered with, restrained, or denied Plaintiff Gloria Valdez's entitlement to take time off from work.

If the statutory requirements have been otherwise satisfied, then it does not matter whether Defendant Methodist Health System intended to violate the FMLA. If Defendant Methodist Health

-13-

System denied Plaintiff Gloria Valdez a right to which she was entitled under the FMLA, then you should find for Plaintiff Gloria Valdez on this issue.

## QUESTION NO. 5

Did Plaintiff Gloria Valdez prove by a preponderance of the evidence that Defendant Methodist Health System denied, restrained, or interfered with Plaintiff Gloria Valdez's right to leave under the FMLA, or with her attempt to exercise her right to leave under the FMLA?

Answer **Yes**

*Answer "Yes" or "No" to the above question.*

*If your answer to Question No. 5 is "Yes," proceed to page 16. If your answer to Question No. 5 is "No," proceed to page 18.*

## Damages: FMLA

If you found that Defendant Methodist Health System violated the FMLA, then you must determine whether those violations caused Plaintiff Gloria Valdez damages. If so, you must determine the amount. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff Gloria Valdez has proved liability.

Plaintiff Gloria Valdez must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Plaintiff Gloria Valdez need not prove the amount of her losses with mathematical precision, but only with as much certainty and accuracy as the circumstances permit.

You should consider the following elements of damages and no others: any wages, salary, employment benefits, or other compensation denied or lost because of Defendant Methodist Health System's violation of the FMLA, if any.

Wages, salary, and benefits include the amounts the evidence shows Plaintiff Gloria Valdez would have earned had she remained an employee of Defendant Methodist Health System from October 12, 2022, to the date of your verdict, including benefits such as life and health insurance, stock options, or contributions to retirement, minus the amounts of earnings and benefits, if any, Defendant Methodist Health System proves by a preponderance of the evidence Plaintiff Gloria Valdez received from employment during that time.

## QUESTION NO. 6

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Gloria Valdez for the damages, if any, you have found Defendant Methodist Health System caused Plaintiff Gloria Valdez?

Answer in dollars and cents for the following items and no others:

Wages, salary, employment benefits, or other compensation denied or lost from October 12, 2022, to the date of your verdict:

$ 0.00

## IV. DUTY TO DELIBERATE

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will

respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

SO ORDERED.

SIGNED: February 6, 2025.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE